1    **WO**

2

3

4

5

6              **IN THE UNITED STATES DISTRICT COURT**

7                 **FOR THE DISTRICT OF ARIZONA**

8

9   League of Women Voters of Arizona, et al.,        **NO. CV-18-02620-PHX-JAT**

10              Plaintiffs,                            **ORDER SETTING PRELIMINARY**
                                                       **INJUNCTION HEARING**
11   v.

12   Michele Reagan,

13              Defendant.

14

15       **IT IS ORDERED** setting an evidentiary hearing on Plaintiff's Motion for

16  Preliminary Injunction (Doc. 5)[1] on <u>September 12, 2018 at 9:00 a.m.</u>; (this hearing will

17  be held at 401 W. Washington Street, Phoenix, Arizona 85003, Courtroom 503).

18       **IT IS FURTHER ORDERED** that, to give both parties equal opportunity to

19  present evidence, Plaintiffs' request that Plaintiffs only be permitted to take expedited

20  discovery (Doc. 9) is denied.  Each party may present whatever witnesses are necessary

21  at the hearing.

22       **IT IS FURTHER ORDERED** that Defendant shall respond to the pending

23  motion (Doc. 5) by August 31, 2018.  Plaintiffs shall reply by September 5, 2018.

24       **IT IS FURTHER ORDERED** that, Plaintiffs indicated in a call to the Court

25  seeking a hearing date that the injunction request must be ruled on by September 15,

26

27  _____
    [1]   To the extent the motion is styled as a motion for order to show cause why an
    injunction should not issue, the Court will deem this filing to be a motion for preliminary
28  injunction.   In other words, Plaintiffs cannot shift their burden of showing they are
    entitled to a preliminary injunction to Defendants via a show cause request.

2018.  The Court has located no reference to this date in Plaintiffs' filings.  Thus, by noon August 24, 2018, Plaintiffs must file a brief explaining why September 15, 2018 is the relevant deadline for considering the preliminary injunction request.

**IT IS FURTHER ORDERED** that the motion to exceed page limit (Doc. 8) is granted to the extent that the motion (Doc. 5), which is already filed, is accepted.

**IT IS FURTHER ORDERED** that, the parties shall confer and by August 27, 2018 file a notice containing their estimated length of time for the hearing. [2]

**IT IS FURTHER ORDERED** that the parties shall **jointly** prepare and file a joint pre-hearing statement by September 6, 2018, setting forth the following information:[3]

### A.    COUNSEL FOR THE PARTIES

Include the mailing addresses, office phone numbers and email addresses.

Plaintiff(s):

Defendant(s):

### B.    STATEMENT OF JURISDICTION

Cite the statute(s) that gives this Court jurisdiction.

State whether jurisdiction is or is not disputed.

(If jurisdiction is disputed, the party contesting jurisdiction shall set forth with specificity the bases for the objection.)

### C.    LIST OF WITNESSES

Each party shall **separately** list the names of witnesses, their respective addresses, whether a fact or expert witness, and a brief statement as to the testimony of each witness.  The witnesses shall be grouped as follows:  (1) witnesses who shall be called at the hearing; (2) witnesses who may be called at the hearing; and (3) witnesses who are unlikely to be called at the hearing.

---

[2] In the event the parties anticipate the hearing will take more than 3 hours, the Court will begin the hearing at 9:00 a.m. on Tuesday, September 11, 2018.

[3] The Court's copy of every document required by this Order shall be **three-hole punched** on the left side of the document.

Additionally, the parties shall include the following text in this section of the **joint** pre-hearing statement: "Each party understands that it is responsible for ensuring that the witnesses it wishes to call to testify are subpoenaed. Each party further understands that any witness a party wishes to call shall be listed on that party's list of witnesses above and that party cannot rely on that witness having been listed or subpoenaed by another party."

     **D.**    **LIST OF EXHIBITS** (SEE ATTACHMENT #1 **-** the parties shall number exhibits as provided in Attachment #1 ("Exhibits - Marking, Listing and Custody"), and such numbers shall correspond to the numbers of exhibits listed in the **joint** pre-hearing statement):

     **1.**    The following exhibits are admissible in evidence and may be marked in evidence by the Clerk:

          **a.**    Plaintiff's Exhibits:

          **b.**    Defendant's Exhibits:

     **2.**    As to the following exhibits, the parties have reached the following stipulations:

          **a.**    Plaintiff's Exhibits:

          **b.**    Defendant's Exhibits:

     **3.**    As to the following exhibits, the party against whom the exhibit is to be offered objects to the admission of the exhibit and offers the objection stated below:

          **a.**    Plaintiff's Exhibits:

(E.g., City Hospital records of Plaintiff from March 6, 1985 through March 22, 1985. Defendant objects for lack of foundation because . . . (the objection must specify why there is a lack of foundation)).

          **b.**    Defendant's Exhibits:

(E.g., Payroll records of Plaintiff's employer which evidences payment of Plaintiff's salary during hospitalization and recovery. Plaintiff objects on grounds of relevance and materiality because (the objection must specify why the exhibit is not

relevant or material)).

**4.** The parties shall include the following text in this section of the **joint** pre-hearing statement: "Each party hereby acknowledges by signing this **joint** pre-hearing statement that any objections not specifically raised herein are waived."

### E. DEPOSITIONS TO BE OFFERED[4]

The parties shall list the depositions that may be used at the hearing. The portions to be read at the hearing shall be identified by page and line number in the **joint** pre-hearing statement. Additionally, the party offering the deposition shall provide the Court with a copy of the offered deposition testimony. The offering party shall highlight, in color, the portions of the deposition to be offered. If multiple parties are offering the same deposition, only one copy of such deposition shall be provided. Such copy shall contain each parties' highlighting (each party should use a different color).

The parties shall include the following text in this section of the **joint** pre-hearing statement: "Each party hereby acknowledges by signing this **joint** pre-hearing statement that any deposition not listed as provided herein will not be allowed, absent good cause."

### F. ESTIMATED LENGTH OF HEARING

___ hours.

### G. PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Each party shall submit **separate** Proposed Findings of Fact and Conclusions of Law by the same date the **joint** pre-hearing statement is due. The Proposed Findings of Fact and Conclusions of Law shall be submitted by: 1) electronically filing a notice of filing the proposed findings of fact and conclusions of law with the Clerk of the Court (the proposed findings of fact and conclusions of law must be attached to this notice); 2) mailing a paper copy (three-hole punched) to chambers; and 3) e-mailing a Word compatible copy to the chambers' e-mail address. Additionally, Plaintiff shall submit a proposed preliminary injunction, including the proposed bond amount.

---

[4] As discussed above, the Court does not anticipate any depositions being offered at the evidentiary hearing. However, the Court has left this paragraph in the Order in the event that the parties stipulate to taking discovery in advance of the hearing.

**H.     Service**

Plaintiff shall provide Defendant with a copy of this Order setting the hearing by August 23, 2018 and shall file with the Court a notice indicating when and how notice was provided.  Counsel for Defendant shall file a notice of appearance upon receipt of this Order.

**I.     Failure to Respond**

If Defendant does not respond to the Motion for Preliminary Injunction by August 31, 2018 or if Defendant fails to appear at the hearing, the Court will deem either failure to be Defendant's consent to the motion being granted.  *See* L.R. Civ. 7.2(i).

Dated this 22nd day of August, 2018.

James A. Teilborg
Senior United States District Judge

ATTACHMENT #1

**EXHIBITS - MARKING, LISTING AND CUSTODY**
For Senior United States District Court Judge
**Hon. James A. Teilborg** (Judge Code 7025)

**Marking and listing of exhibits is the responsibility of counsel, not the courtroom deputy, and shall be delivered to the courtroom deputy <u>the day of the hearing</u> unless otherwise directed by the deputy clerk.**

Counsel are required to use the exhibit cover sheets and/or adhesive labels as described herein. **Counsel shall also prepare the exhibit and witness <u>lists</u> (using the Clerk's Office format) and provide the lists to the courtroom deputy in triplicate (1 original and 2 copies), along with the actual exhibits.**

During trial/hearing, please be prepared to advise the courtroom deputy **in advance** which exhibits will be needed for each witness.

If you need a format in which to prepare the exhibit and witness lists, please refer to the district court's website at www.azd.uscourts.gov and access "Judicial Officer Information."

<u>USE OF LABELS/COVER SHEET</u>
1.    Exhibit cover sheets and labels are divided by color to indicate whether the exhibit is offered by plaintiff (**YELLOW**) or defendant (**BLUE**).

2.    Exhibit cover sheets are provided to counsel by the courtroom deputy for the purpose of numbering and labeling exhibits PRIOR to trial. Cover sheets shall be copied on yellow or blue paper and used in cover sheet fashion to identify standard-size paper exhibits. The cover sheet shall be <u>stapled</u> to the top of the original exhibit, and the exhibit shall be placed in a manilla folder number to correspond with the exhibit number. Prepare extra cover sheets and provide extra manilla folders to use for exhibits marked during trial.

3.    If the paper exhibit is too large to staple, use a 2-hole ACCO fastener to fasten the exhibit together at the top of the page, with an exhibit cover sheet attached to the front of the exhibit.

4.    If the exhibit is a photograph or item smaller than 8" x 10", STAPLE it to an exhibit cover sheet OR place an exhibit label on the reverse side, lower right-hand corner.

5.    Large or bulky items may require the use of tie tags with the exhibit label placed on the tag or may be marked in a logical location on the item or on the plastic bag containing the item.

6.    Large charts should be identified in the lower right-hand corner with an exhibit label. If the item is an enlargement of another marked exhibit, it should be numbered as a sub-part of the smaller exhibit.

<u>NUMBERING</u>
1.    Blocks of numbers are assigned to each side: plaintiff starts with number 1 through the estimated number of exhibits. Defendant is to utilize numbers starting after plaintiff but allowing space for additional exhibits marked during trial. (Example: Plaintiff 1 - 80; Defendant 100- ). Exhibit numbers not used will be noted by the clerk on the exhibit list. **Failure to comply with this directive will result in exhibits being remarked by counsel.**

2. Plaintiff and defendant shall consult with one another prior to marking exhibits to **avoid marking duplicates**. If plaintiff marks a document, the defendant should not mark the same document. The exhibits are considered court exhibits, not plaintiff and defendant. Either side may move the other's exhibits into evidence.

3. Use NUMBERS ONLY except when identifying sub-parts (e.g. 3a, 3b, 3c). If the sub-parts will be more than a through z for a single exhibit, do not use double letters; instead commence with another number (e.g. 3x, 3y, 3z, 4a, 4b, 4c, etc. or 3-1, 3-2, 3-3, etc.). It is very difficult for the court, counsel/parties, clerk and court reporter to ask for or listen to exhibits 1aa - 1eeee. Categorizing exhibits should be kept as simple and clear as possible. For the most part, USE NUMBERS.

4. Multiple page exhibits should be stapled or ACCO fastened; please do not use paper or binder clips or rubber bands. **If submitted in this fashion, exhibits will be returned to counsel to be re-submitted stapled or with ACCO fasteners.** Regarding bulky documents, BATES stamp numbers may be placed on each page and can be continuously numbered for easy reference.

5. Blocks of numbers may be used to categorize exhibits (e.g. series 1-99 are bank records; series 100-199 are tax returns; series 200-299 are photographs; etc.)

## USE OF FOLDERS

1. Place exhibits in folders so that the exhibits may be pulled out of the folder during trial. DO NOT attach the exhibit to the file folder. Label the top of the folder to identify the exhibit. Provide extra folders to the courtroom deputy for exhibits marked during trial.

2. Place the exhibit folders in a box in numerical order. Mark the outside of the box as to what exhibits are contained therein. Leave room in the box for any extra exhibits that may be submitted during trial.

3. DO NOT place trial exhibits in binders except when the binder is considered ONE exhibit. Mark the binder with an exhibit label in the lower right-hand corner.

4. **A courtesy copy of the exhibits should be prepared for the Judge**. Place these exhibits in 3-ring binders with numbered tabs to correspond with exhibit numbers. The Judge's copies should NOT have original exhibit covers sheets on them.

## EXHIBIT LISTS

1. Exhibits may be listed on the exhibit worksheet provided or the exhibit worksheet reproduced on a word processor (WORD compatible) using the same format. The form is self-explanatory. Be sure and leave enough SPACE to add additional information, such as sub-parts and additional exhibits.

2. Email the courtroom deputy clerk a copy of the exhibit worksheet in WORD format. Additionally, provide the courtroom deputy clerk with an original and two (2) copies of the exhibit list the morning of trial or as otherwise directed. **Counsel are not to provide the courtroom deputy with the Pretrial Order (civil cases) in lieu of the exhibit list.**

## WITNESS LISTS

1. Witnesses may be listed on the witness worksheet provided or the witness worksheet reproduced on a word processor (WORD compatible) using the same format. Provide the full name of each witness and list them in alphabetical order. Names should be at the top of the block and extra spaces provided at the end of the

list.  This is helpful when names have to be added that are not on the list.  **Counsel are not to provide the courtroom deputy with the Pretrial Order (civil cases) in lieu of the witness list.**

2.     Email the courtroom deputy clerk a copy of the witness worksheet in WORD format.  Additionally, provide the courtroom deputy with the original and two (2) copies of the witness list the morning of trial or as otherwise directed.

## SENSITIVE EXHIBITS

1.     The courtroom deputy clerk will NOT take custody of any sensitive exhibits.  During lengthy breaks and at close of the day, these exhibits are returned to the government (usually the agent) until court resumes.  Pursuant to General Order 87-7 dated July 30, 1987,

> "the arresting or investigative agency or designated representative shall retain custody of sensitive exhibits prior to, throughout, and after the trial.  Sensitive exhibits shall include drugs and drug paraphernalia, guns and other weapons, money and any other exhibits designated as sensitive by the court."

## IMPEACHMENT EXHIBITS

1.     Impeachment exhibits are given to the courtroom deputy **the first day of trial**, (unless other arrangements are made) in a SEALED envelope.  The envelope should be marked with the caption of the case, case number  and shall identify the party presenting the exhibit.  If there is more than one exhibit in the envelope, mark each exhibit with a SEPARATE NUMBER so it can be easily identified.   Do not using any numbers previously used for marking non-impeachment exhibits.  Prepare an impeachment exhibit list for the courtroom deputy (in the accepted format)  and a courtesy copy for the Court.  The courtroom deputy will assign the next available number if and when the exhibit is used during trial.

2.     Provide an extra copy of impeachment exhibits in a sealed envelope as a courtesy copy for the Court with accompanying exhibit list.

## STIPULATED EXHIBITS

1.     In civil trials, parties may agree on most of the exhibits prior to trial and as listed in the Pretrial Order.  Counsel may give the courtroom deputy clerk a list of the stipulated exhibits to be marked in evidence before moving for their admission on the record.  For example, stipulated exhibits 1-28, 31, 45-50, etc.  The clerk will then mark those exhibits and the exhibit list as 'admitted into evidence."

In criminal trials, stipulated exhibits usually come in one at a time during the course of trial.

## DEPOSITIONS

1.     Depositions ARE NOT to be marked as exhibits.  Identify them by party (so they can be returned to the correct party after trial), place them in alphabetical order and give them to the courtroom deputy the morning of trial.

## MEDICAL OR TECHNICAL TERMS

1.     Provide a list of medical or technical terms (in alphabetical order) to assist the court reporter prior to the commencement of trial.

## RETURN OF EXHIBITS

1.     Pursuant to Local Rule (LRCiv 79.1/LRCrim 57.11), all exhibits are returned to

respective parties to retain custody pending all appeals. If the exhibits are not picked up within thirty (30) days of the Notice of Return of Exhibits, the clerk may destroy or otherwise dispose of those exhibits.

2.    Usually trial exhibits are handed immediately back to the respective counsel by the courtroom deputy at the conclusion of trial. When the case is taken under advisement and a verdict or court ruling issues at a later date, a separate order will follow directing counsel to retrieve the exhibits from the courtroom deputy.

Sample exhibit and witness lists and exhibit tags are attached. On the exhibit worksheet and witness lists modify forms to reflect the correct title (criminal or civil) and the case number (CR or CV).

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

**CRIMINAL/CIVIL EXHIBIT LIST**

_____Preliminary Injunction _____TRO _____Non-Jury Trial _____Jury Trial

Case Number CR (CV)_____-_____-_____-JAT___ Judge Code_7025_

Date _____

_____vs._____

Plaintiff／Petitioner                    Defendant／Respondent

| EXHIBIT NUMBER | MARKED FOR IDENTIFICATION | ADMITTED IN EVIDENCE | DESCRIPTION |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

**CRIMINAL/CIVIL WITNESS LIST**

_____Preliminary Injunction     _____TRO     _____Non-Jury Trial     _____Jury Trial

Case Number CR (CV)_____-_____-_____-JAT     Judge Code 7025

Date _____

_____vs._____

\_\_\_\_\_ Plaintiff / Petitioner                    \_\_\_\_\_ Defendant / Respondent

| NAME | SWORN | APPEARED |
|------|-------|----------|
|      |       |          |
|      |       |          |
|      |       |          |
|      |       |          |
|      |       |          |
|      |       |          |
|      |       |          |
|      |       |          |
|      |       |          |
|      |       |          |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17     CASE NO. _____

18     VS. _____
       PLAINTIFF'S EXHIBIT _____
19     DATE: _____     IDEN.
       DATE: _____     EVID.
20        BY: _____
              Deputy Clerk
21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CASE NO. _____

VS. _____
DEFENDANT'S EXHIBIT _____
DATE: _____ IDEN.
DATE: _____ EVID.
　BY: _____
　　　　Deputy Clerk