Law Offices
HINSHAW & CULBERTSON LLP
2375 E. Camelback Rd.
Suite 750
Phoenix, AZ 85016
602-631-4400
602-631-4404
stully@hinshawlaw.com
bdunn@hinshawlaw.com

Stephen W. Tully (014076)
Bradley L. Dunn (028897)
Attorneys for Defendant Michele Reagan,
in her official capacity as Secretary of State for the State of Arizona

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| League of Women Voters of Arizona; Mi Familia Vota Education Fund; and Promise Arizona, on behalf of themselves, their members, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Michele Reagan, in her official capacity as Secretary of State for the State of Arizona,<br><br>Defendant. | No. CV-18-2620-JAT<br><br>**DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT** |

Defendant Michele Reagan in her official capacity as Secretary of State for the State of Arizona ("Defendant"), by and through undersigned counsel, and for her Answer and Affirmative Defenses to Plaintiffs' League of Women Voters of Arizona (the "League"), Mi Familia Vota Education Fund ("Mi Familia Vota") and Promise Arizona ("collectively "Plaintiffs") Complaint, admits, denies, and states as follows:

1. In response to the Opening Paragraph of the Complaint, 1:17-2:6, Defendant specifically denies that Plaintiffs seek any declaratory or injunctive relief that will actually remedy any alleged violations of Section 5 of the National Voter Registration Act ("NVRA"). Defendant further denies that she is failing to update all

voter registration addresses of persons who update their addresses with the Arizona Department of Transportation ("ADOT") through ADOT's Motor Vehicle Division ("MVD"). Defendant further denies that any citizen is being deprived of the opportunity to vote in federal elections. Defendant denies all remaining allegations in the Opening Paragraph.

## JURISDICTION AND VENUE

2. Defendant admits the allegations in Paragraphs 1 through 5.

## PLAINTIFFS
## LEAGUE OF WOMEN VOTERS OF ARIZONA

3. Defendant is without sufficient information to form a belief as to the allegations in Paragraph 6.

4. Defendant is without sufficient information to form a belief as to the allegations in Paragraph 7, except she denies that the League has any member that has suffered harm by the alleged actions of the state. Defendant further denies that any League members are at risk of being harmed in the future by any of the processes alleged to violate NVRA.

5. Defendant is without sufficient information to form a belief as to the allegations in Paragraphs 8 through 11.

## MI FAMILIA VOTA

6. Defendant is without sufficient information to form a belief as to the allegations in Paragraph 12.

7. Defendant is without sufficient information to form a belief as to the allegations in Paragraph 13, except she denies that Mi Familia Vota has any member that has suffered harm by the Defendant's alleged actions. Defendant also specifically denies that any Mi Familia Vota members are at risk of being harmed in the future by any alleged actions by Defendant.

302414259v1 1012802

8. Defendant is without sufficient information to form a belief as to the allegations in Paragraphs 14 through 16.

### **PROMISE ARIZONA**

9. Defendant is without sufficient information to form a belief as to the allegations in Paragraph 17.

10. Defendant is without sufficient information to form a belief to the allegations in Paragraph 18, except she denies that Promise Arizona has any member that has suffered harm by the Defendant's alleged actions. Defendant also specifically denies that any Promise Arizona members are at risk of being harmed in the future by any alleged actions by Defendant.

11. Defendant is without sufficient information to form a belief to the allegations in Paragraphs 19 through 21.

### **DEFENDANT**

12. In response to Paragraph 22, Defendant admits that she is the Secretary of State for the State of Arizona and the chief election officer of Arizona. Defendant admits she is responsible for coordinating the State's responsibilities under the NVRA pursuant to A.R.S. §16-142. Defendant admits that Plaintiffs have brought this action against her in her official capacity as the Secretary of State. Defendant denies all remaining allegations in Paragraph 22.

### **FACTUAL ALLEGATIONS**
### **THE NVRA REQUIRES THE SECRETARY OF STATE TO PROVIDE VOTER REGISTRATION AND ADDRESS UPDATES TO ADOT/MVD CLIENTS**

13. In response to Paragraphs 23, Defendant states that the paragraph does not require a response. To the extent a response is required, Defendant specifically denies any allegation to the extent it implies something not contained within the statutes.

3

14. Defendant admits the general allegation in paragraph 24, but cannot confirm the use of the term "Covered Transactions".

15. Defendant denies the allegations in Paragraph 25 as it does not adequately reflect the law.

16. Defendant denies the allegations in Paragraph 26 as the allegations are incomplete and do not correctly state the law.

17. Defendant denies the allegations in Paragraph 27 as the allegations are incomplete and do not correctly state the law.

18. Defendant cannot precisely determine what "requirements" paragraph 28 refers to and therefore denies the allegation contained therein.

19. Defendant is without sufficient information to form a belief as to the allegations in Paragraph 29.

20. In response to Paragraph 30, Defendant admits that voters are required to vote in the polling location for their address pursuant to Arizona law. Defendant denies the remaining allegations in Paragraph 30.

21. In response to Paragraph 31, Defendant admits that a voter who casts a ballot at a polling place not associated with their current address will not have their vote counted. Defendant denies the remaining allegations in Paragraph 31 including any claim that anyone is being disenfranchised.

22. Defendant denies the allegations contained in Paragraph 32 and 33.

**THE SECRETARY OF STATE'S CHANGE OF ADDRESS PROCEDURES VIOLATE SECTIONS 5 OF THE NVRA**

23. Defendant denies the allegations in Paragraph 34.

24. Defendant believes the allegation contained in Paragraph 35 is correct.

25. Defendant admits the allegations in Paragraphs 36 and 37.

4

26. In response to Paragraph 38, Defendant admits she is Arizona's chief election officer. Defendant denies the remaining allegations in Paragraph 38. The form referenced is no longer in use.

27. In response to Paragraph 39, Defendant admits that an individual applying in-person for a new driver's license or identification card must complete the Driver License/Identification Card Application. Defendant further admits that if an applicant checks the "yes" box in response to the question relating to whether the applicant wishes to register to vote or update an existing voter registration, the applicant's voter registration address will be updated. However, pursuant to ADOT policy an applicant is not permitted to complete ADOT form 40-5122 without selecting either "yes" or "no" in relation to the above-mentioned question. Accordingly, every applicant either has their address updated or the applicant has chosen to "opt-out" of the updated address change. Defendant denies all remaining allegations in Paragraph 39.

28. In response to Paragraph 40, Defendant denies that, in some ADOT/MVD offices, an individual who already possesses a driver's license or identification card and wishes to report a change of address in-person may do so by completing a Duplicate/Credential Update Application (ADOT form 40-5145). Defendant understands that that form is no longer in use. Generally one is not given a form at all if they appear at the MVD office and only want an address change. In that circumstance, the person is directed to a Kiosk to make the change on line. But they may be given the Driver's license/Identification Card Application. Defendant denies all remaining allegations in Paragraph 40.

29. In response to Paragraph 41, Defendant admits that, upon information and belief, when an individual submits an updated address through ADOT/MVD's Service Arizona website that update will be reflected in the driver's license/state identification card record. Defendant affirmatively states that if the individual completes the online

5

transaction relating to using the updated address to update their voter registration address, the individual's voter registration address will indeed be updated. Defendant denies all remaining allegations in Paragraph 41.

30. In response to Paragraph 42, Defendant admits that the online address update form provides a hyperlink for an individual to update their voter registration address. Defendant denies that the individual must complete an entirely new voter registration form because the form automatically populates the retained information of the individual from the change-of-address transaction to the voter registration form. Defendant admits that the addresses of those individuals who do not click the link and complete the new voter registration form do not have their voter registration address updated.

31. Defendant denies the allegations in Paragraphs 43 through 45.

**THE SECRETARY OF STATE'S FAILURE TO FOLLOW SECTION 5 OF THE NVRA HARMS PLAINTIFFS**

32. Defendant denies the allegations in Paragraphs 46 through 53.

33. Defendant is without sufficient information to form a belief as to the allegations in Paragraph 54 and 55.

34. Defendant denies the allegations in Paragraph 56.

**THE SECRETARY OF STATE HAS FAILED TO CORRECT ONGOING NVRA VIOLATIONS**

35. In response to Paragraph 57, Defendant admits that Plaintiffs have excerpted portions of federal law, but those provisions are not complete.

36. Upon information and belief, Defendant admits the allegations in Paragraphs 58 and 59.

37. In response to Paragraph 60, Defendant admits that Plaintiffs and ADOT/MVD entered into an Interim Memorandum of Understanding. Defendant further

6

admits that the changes requested by Plaintiffs are unlikely to be completed before the 2018 general election. Defendant denies all remaining allegations in Paragraph 60.

38. In response to Paragraph 61, Defendant admits that all changes requested by Plaintiffs in the November Letter have not yet been cured.

39. Defendant denies the allegations in Paragraphs 62 through 64.

## FIRST CAUSE OF ACTION
**Violation of Section 5 of the National Voter Registration Act of 1993**

40. In response to Paragraph 65, Defendant incorporates by reference her responses to all prior allegations as if set forth fully herein.

41. Defendant denies the allegations in Paragraphs 66 through 68.

## BASIS FOR INJUNCTIVE RELIEF

42. In response to Paragraph 69, Defendant incorporates by reference her responses to all prior allegations as if set forth fully herein.

43. Defendant denies the allegations in Paragraphs 70 through 76.

## AFFIRMATIVE DEFENSES

In further response to Plaintiffs' Complaint, Defendant sets forth the following affirmative defenses:

1. The damages alleged by Plaintiffs may have been the result of other superseding and/or intervening cause(s), and were not proximately caused by Defendant. This will be further investigated through discovery.

2. Defendant affirmatively states that Plaintiffs have not incurred an injury in fact that is fairly traceable to the challenged conduct of the Defendant that is likely to be redressed by a favorable judicial decision, and Plaintiffs do not, therefore, have standing to bring the instant claims.

302414259v1 1012802

3. Defendant affirmatively states that the Complaint, and each cause of action alleged therein against Defendant are barred by doctrines of estoppel, waiver, unclean hands, and other equitable doctrines. Plaintiffs seek an equitable remedy in this case, and as such, it is incumbent that they do equity. Upon information and belief, Plaintiffs' equitable claims are barred by their own action, or inaction, and their own conduct, and the conduct of the class of voters they claim to represent.

4. Defendant affirmatively states that any actual damages incurred by Plaintiffs arose as a result of Plaintiffs' failure to mitigate.

5. Defendant affirmatively asserts the defenses of impossibility and laches.

6. Defendant affirmatively states that Plaintiffs have failed to join indispensable necessary and proper parties to this matter.

7. Defendant reserves the right to assert additional, separate and alternative defenses as discovery warrants.

WHEREFORE, Defendant requests that the Court enter judgment in her favor and dismiss this matter in its entirety with prejudice and award her any attorneys' fees and costs to which she may be entitled.

DATED this 11th day of September, 2018.

HINSHAW & CULBERTSON LLP

/s/ Stephen W. Tully
Stephen W. Tully
Bradley L. Dunn
Attorneys for Defendant Michele Reagan, in her official capacity as Secretary of State for the State of Arizona

302414259v1 1012802

**CERTIFICATE OF SERVICE**

I certify that on the 11th day of September, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| Lawrence G. Scarborough, Esq.<br>Jessica R. Maziarz, Esq.<br>Teresa P. Meece, Esq.<br>Julie M. Birk, Esq.<br>Bryan Cave Leighton Paisner, LLP<br>Two North Central Avenue, Suite 2100<br>Phoenix, AZ 85004-4406<br>*Attorneys for Plaintiffs* | Arusha Gordon<br>Ezra D. Rosenberg<br>Jon M. Greenbaum<br>Lawyers Committee for Civil Rights<br>Under Law<br>1500 K Street NW, Ste. 900<br>Washington, DC 20005<br>*Attorneys for Plaintiffs* |
| Ceridwen Cherry<br>Sarah Brannon<br>ACLU - Washington DC<br>915 15th St. NW, 7th Fl.<br>Washington, DC 20005<br>*Attorneys for Plaintiffs* | Chiraag Bains<br>DEMOS - Washington, DC<br>740 6th St. NW, 2nd Fl.<br>Washington, DC 20001<br>*Attorneys for Plaintiffs* |
| Darrell L. Hill<br>Kathleen E. Brody<br>ACLU - Phoenix, AZ<br>P.O. Box 17148<br>Phoenix, AZ 85011<br>*Attorneys for Plaintiffs* | Theresa J Lee<br>ACLU - New York, NY<br>125 Broad St., 18th Fl.<br>New York, NY 10004<br>*Attorneys for Plaintiffs* |
| Stuart C. Naifeh<br>DEMOS<br>80 Broad Street, 4th Fl.<br>New York, NY 10004<br>*Attorneys for Plaintiffs* | Joseph E. La Rue<br>Assistant Attorney General's Office<br>2005 North Central Avenue<br>Phoenix, AZ 85004-1592<br>*Co-Counsel for Defendant* |

By /s/ Amy Fletcher

<="">302414259v1 1012802</>